## JOHNSON v. WILLIAMS, SHERIFF, ET AL.

1. The sheriff, by order of the attorney of the plaintiff, returned an execution by mistake a week too soon, and an alias was not issued, until after an execution of a junior judgment creditor, had been issued, and levied on the property of the defendant. Held, that as it did not appear, that the execution was returned, or its re-issuance delayed, for the purpose of favoring the defendant in execution, and as a term had not elapsed, between the return, and the issuance of the *alias*, the prior execution had not lost its *lien*.

Error to the Circuit Court of Perry.

THIS was a rule against the defendant in error, as sheriff, for an alledged failure to make the money on an execution of the plaintiff, against one Samuel Child. The matter was submitted to the Court on the following state of facts;

The plaintiff obtained judgment against Child, at the February

term, 1842, of Perry County Court, upon which a writ of error was prosecuted to the Supreme Court, and bond given to supersede the judgment, which was affirmed at the June term, 1844. An execution issued upon the affirmed judgment, and came to the sheriff's hands on the 9th August, 1844.

On the 19th December, 1843, the State Bank sued out execution against Child on judgments previously obtained, which came to the sheriff's hands on the 8th April, 1844, and which, by order of A. B. Moore, attorney for the Bank, the sheriff returned to the clerk's office at Tuscaloosa, on the 13th April, 1844. Alias executions issued on these judgments on the 9th August, 1844, (except one, which issued on the 26th August,) came to the sheriff's hands on the 28th of the same month, and were all levied on the same day, on the same property, as that levied on by the plaintiff's execution.

A. B. Moore, attorney for the Bank, testified, that on the representations of the sheriff, that he had not time to make the money and did not want to be ruled, he directed him, the 13th April, 1844, to return the execution; both himself and the sheriff supposing, the Court to which the execution was returnable, was to be on the 5th day of May, when in fact it was held one week later. That this was not done to favor the defendant in execution, and that he did not then know of the resolution of the board of directors hereafter mentioned, which Child did not comply with, nor did the bank express any dissent from his conduct.

The following resolution of the board of directors was also in evidence:

*Bank of the State of Alabama—Tuscaloosa, April 19th, 1844.*

Samuel Childs' communication was considered, and on motion it was

*Resolved*, That on the payment of one thousand dollars in cash the sale of his property be postponed, provided no other execution will thereby obtain priority over the Bank's, and he pay A. B. Moore for his services in attending to the business, and on filing assent of all the parties to the postponement.

Also a letter from the Cashier to Mr. Moore, as follows: Within I hand you a resolution, adopted to-day, in relation to S. Childs' debt to this Bank. He has paid the $1,000, and when he complies with the other stipulations of the resolution, you will

please take the necessary steps to carry out the object of the Bank. Very respectfully,

WM. HAWN, *Cash.*

It was also agreed, that the defendant had no other property than that levied on. Upon these facts the Court held, that the sheriff was not liable to the plaintiff, as the executions of the Bank were entitled to be first satisfied ; from which judgment this writ is prosecuted.

DAVIS, with whom was PECK, for plaintiff in error.

A. B. MOORE, contra, cited 5 Ala. Rep. 43 ; 6 Id. 623.

ORMOND, J.—The principle settled in the case of Wood v. Gary, 5 Ala. Rep. 52, is decisive of this case. The facts of that case were, that a plaintiff in execution, a short time before the return day of the execution, directed the sheriff to return it, but without intention to favor the defendant in execution. The execution was not re-issued, until after one upon a younger judgment had been issued, and had come to the sheriff's hands, against the same defendant. This Court held, that the order to return the execution under the facts of the case, did not render it constructively fraudulent. And that the *alias* being issued before another term had elapsed, the *lien* of the original execution was preserved.

The facts of this case are almost identical with that. We may lay out of view the order of the board of directors, because it authorized the suspension of the execution upon a condition which was never complied with, and because in point of fact the return was directed to be made by the attorney of the Bank, previous to any action of the board upon the subject, both being ignorant of the action of the other. This return it appears was directed to be made in good faith, because there was not time to make the money, and not to favor the defendant. The case is then to be considered, as if the execution had been returned by the sheriff, without any order from the bank or its attorney. The only remaining fact is, that the *alias* executions did not come to the sheriff's hands, until a few days after the execution of the plaintiff was received by the sheriff. But as a term had not intervened, the *alias* connected itself with the previous executions, and continued

the *lien* which had been thus acquired, and being prior to that of the plaintiff, was entitled to precedence.

Why the executions of the Bank were not sooner re-issued, we are not informed. There is not however any fact in the case which would authorize the presumption that they were withheld by the direction of the Bank, as the condition upon which the Bank had agreed to a suspension had never been complied with. Whether, if, during this interval, the execution of the plaintiff had been levied, and the property sold, the *lien* of the Bank would not have been lost, we need not inquire.

The facts present merely the case of an omission to cause the executions to be re-issued for about three months, but as it does not appear that this omission was designed to favor the defendant, and as the delay could not by possibility affect injuriously any other creditor of the defendant, it cannot have the effect to render the executions constructively fraudulent, and give the preference to a junior execution creditor.

Our opinion therefore is, that the Circuit Court decided correctly upon the facts in evidence, and its judgment is affirmed.